## WILL HENDRICKS v. THE STATE.

No. 2771.   Decided November 19, 1913.

Rehearing denied December 19, 1913.

**1.—Robbery—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Unless the evidence is wholly circumstantial, a charge on circumstantial evidence can neither be required nor given, and where the evidence is positive as to defendant's guilt, there was no error in the court's failure to charge on circumstantial evidence.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & A. S. Tiernan,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of robbery and his punishment fixed at confinement in the penitentiary for fifteen years.

The testimony in the case is amply sufficient to establish appellant's guilt.   The alleged robbed party testified positively to the facts that appellant assaulted him, knocked him down, cut and beat up his head with some instrument and robbed him; and positively and unquestionably identified the appellant as the party.   He was corroborated by other facts and circumstances.   The appellant denied the robbery and claimed an alibi.   The court properly submitted all these questions to the jury in his charge to which there was no complaint and the jury found appellant guilty.

There are but two questions raised.   The first is, the insufficiency of the evidence, and the second, that the court should have charged on circumstantial evidence.   It is too well settled to need citation of authorities, that when the evidence is positive, and the facts showing the guilt of an accused, are not wholly circumstantial a charge on circumstantial evidence is neither required nor should be given.   In this case, as stated above, the evidence was positive and appellant's guilt established thereby and not by circumstantial evidence, so that the court did not err in not charging on circumstantial evidence.   The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 19, 1913.—Reporter.]